## William Geyer *against* William Decker.

If orders are given to a factor, they must be pursued, or he becomes liable; if none are given, or they are not clear, the factor may use his best discretion according to the usage of trade.

ASSUMPSIT.    The plaintiff shipped from Philadelphia to the defendant in Charleston, 3 casks of gin and 4 casks of apple whiskey, on the 5th April 1793, and addressed a letter to him of that date, directing him " to receive and sell it on " its arrival, and remit the produce by the same vessel, or any " other vessel to Philadelphia, in bank notes."

The defendant wrote him an answer on the 26th April following, informing him that money was scarce in Charleston, and the liquor remained on hand.    He afterwards, on the 20th July following, wrote him a second letter, enclosing him the account of sales, the neat proceeds being 63l. 16s. 3d. South Carolina currency.    The defendant remitted him 27l. 8s. 10d. thereof, and the remainder consisted of outstanding debts, the articles being sold on credit, he having taken a mortgage for 24l. 15s. part thereof.

It was proved, that the general course of trade in Charleston was to sell goods on credit; and the question which occurred was, whether the defendant had deviated from his instructions, and of course became liable for the balance of the neat proceeds?

Mr. Hallowell for the plaintiff, insisted that the plaintiff's orders were clear and express to sell for cash; the produce of the adventure was to be remitted, if possible, to the plaintiff by the same vessel.    The defendant's answer of the 26th April amounted to an acknowledgment that his orders were to sell for cash, when he complains of the scarcity of money.    If a commission be to sell and dispose, the factor is not enabled to sell upon tick; nor can a factor sell even *bona peritura* upon credit, without a particular commission so to do.    3 Bac. Ab. *487]  587, 588.    The latter part of *the case is not contended to be the law of this day; but a factor ought to sell for ready money, unless the usage of trade is otherwise. 1 Espin. 109.    And let the usage be what it will, he is bound to follow the instructions of his principal.    It is notorious, that in England more credit is given in commercial cases than in America.

Mr. Ingersoll for the defendant, contended, that the plaintiff's letter did not amount to a prohibition to sell on credit; it contained no special instructions to sell for cash.    The usage of trade in Charleston will therefore warrant him in what he has done, according to the authority cited in Espinasse.    We are in a peculiar situation in the United States. Credit here is more necessary than in the European world; and it has accordingly been settled, in Bingham and Lewis *v.*

[Geyer *v.* Decker.]

Bache and Shee, and Randolph *v.* Hollingsworth, and in several other cases in the Common Pleas of Philadelphia county, that a factor may sell goods on credit, unless he be otherwise specially restricted.   But it is moreover a settled rule, that where a merchant receives an account of sales, and he does not object to it by the next conveyance, he shall be supposed to acquiesce therein.   Why did not the the plaintiff express his dissatisfaction at an early day, before bringing his suit?

By the court.   The law in the present case is conformable to plain common sense.   If the principal gives orders to his factor, they must be pursued, or he becomes liable.   If none are given, or if they are not clear and explicit, the factor is allowed to use his best discretion, according to the usage of trade.   Want of precision in the plaintiff's letter has given birth to this controversy.   His orders contain no directions to sell for cash only.   The defendant early informed him of the scarcity of money, but he is wholly silent thereon, and after the receipt of his letter of the 20th July.   This is a strong proof of an acquiescence, and he shall not now be permitted to govern himself by subsequent events.

Verdict for the defendant.